17

Receipt Number
568797

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SILVER SPRINGS LIQUOR INC. on behalf of itself and all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| REDDY ICE HOLDINGS, INC., ARCTIC GLACIER INCOME FUND, ARCTIC GLACIER INC., ARCTIC GLACIER INTERNATIONAL INC. and HOME CITY ICE COMPANY, | Case: 2:08-cv-11200<br>Judge: Tarnow, Arthur J<br>Referral MJ: Pepe, Steven D<br>Filed: 03-19-2008 At 04:03 PM<br>CMP SILVER SPRING LIQUOR, INC V RED DY ICE HOLDINGS, ET AL (TAM) |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff, Silver Springs Liquor Inc., on behalf of itself and all others similarly situated, brings this action under the federal antitrust laws, Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover treble damages, injunctive relief, and the costs of suit, including reasonable attorneys' and experts' fees, for the injuries to the Plaintiff and members of the proposed Class they represent resulting from defendants' violations of the federal antitrust laws, specifically Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. The allegations set forth below are based upon information and belief pursuant to the investigation of counsel.

## NATURE OF CLAIM

1. This antitrust class action arises out of an international conspiracy among Defendants and their co-conspirators with the purpose and effect of fixing prices, allocating markets and territories and committing other anticompetitive practices designed to unlawfully

fix, raise, maintain, and/or stabilize prices of packaged cubed, crushed, block and dry ice ("Packaged Ice") in the United States and Canada.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 15 and 26, and pursuant to 28 U.S.C. §§ 1331, 1337(a). This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in this judicial district pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) and (c) because some of the defendants reside, or are licensed to do business or are doing business, or are found or transact business, in this district and/or the claims arose in this district.

## PARTIES

4.     Silver Springs Liquor Inc. is located in Milwaukee, Wisconsin. Silver Springs Liquor Inc. purchased Packaged Ice directly from one or more of the Defendants during the Class Period, and was damaged as a result of Defendants' unlawful conduct.

5.     Defendant Reddy Ice Holdings, Inc. ("Reddy Ice") is a Delaware corporation with it principal place of business located in Dallas, Texas. In recent press releases, Reddy Ice describes itself as follows:

> Reddy Ice Holdings, Inc. is the largest manufacturer and distributor of packaged ice in the United States. With over 2,000 year-round employees, the Company sells its products primarily under the widely known Reddy Ice® brand to approximately 82,000 locations in 31 states and the District of Columbia. The Company provides a broad array of product offerings in the marketplace through traditional direct store delivery, warehouse programs, and its proprietary technology, The Ice Factory®. Reddy Ice serves most significant consumer packaged goods

channels of distribution, as well as restaurants, special entertainment events, commercial users and the agricultural sector.

6. Reddy Ice is the largest ice company in North America, recording 2007 sales of $339 million. It has the dominant market position in the U.S. sunbelt states, from Florida to Arizona.

7. Reddy Ice manufactures and distributes ice products, including cubed ice, crushed ice, half-moon and cylindrical ice, block ice, and dry ice. Reddy Ice sells approximately 1.9 million tons of ice per year, primarily packaged in seven and ten pound bags, sold principally to convenience stores and supermarkets.

8. During the Class Period, as defined below, Reddy Ice began trading on the New York Stock Exchange. Prior to August 12, 2005, it had been privately held under the name Packaged Ice, Inc.

9. Defendant Arctic Glacier Income Fund is the Canadian holding company for its operating subsidiary Arctic Glacier Inc. (together, "Arctic Glacier"). Arctic Glacier is a business entity organized under the laws of Alberta, Canada with its principal place of business located in Winnipeg, Manitoba. In its recent press releases, Arctic Glacier describes itself as follows:

> Arctic Glacier Income Fund, through its operating company, Arctic Glacier Inc., is a leading producer, marketer and distributor of high-quality packaged ice in North America under the brand name of Arctic Glacier® Premium Ice. Arctic Glacier operates 37 manufacturing plants and 50 distribution facilities across Canada and the northeast, central and western United States servicing more than 70,000 retail accounts.

10. Second to Reddy Ice, Arctic Glacier is the second-largest producer, marketer, and distributor of packaged ice in North America, with total revenues of $249 million for 2007. Of these revenues, more than 80 percent comes from its U.S. operations, in which it has dominant market positions in major eastern seaboard cities such as New York and Philadelphia, New

England, California, and the Midwest. The company also controls most of the Packaged Ice sales in Canada.

11. Defendant Arctic Glacier International Inc. ("Arctic Glacier International") is a wholly-owned subsidiary of Artic Glacier and serves as its operating and holding subsidiary in the United States. Arctic Glacier International is a Delaware Corporation with its principal place of business located in West St. Paul, Minnesota.

12. Defendant Home City Ice Company ("Home City Ice") is a privately-held company located in Cincinnati, Ohio. On its corporate website, Home City Ice describes itself as follows:

> Home City Ice retails ice across all of Ohio, Indiana, Illinois, Kentucky, and West Virginia, as well as parts of Michigan, Pennsylvania, Tennessee, New York, and Maryland. Home City Ice manufactures 4,400 tons of ice per day in 28 state-of-the-art manufacturing plants, with 36 distribution centers, and has a fleet of over 500 trucks to serve the Midwest.

## CO-CONSPIRATORS

13. Upon information and belief, other individuals, partnerships, firms, corporations and associations are co-conspirators with Defendants and have performed acts and made statements in furtherance of the unlawful restraint of trade. Their identities are not known to Plaintiff at this time.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on its own behalf and on behalf of all others similarly situated. The "Class" is defined as:

4

> All persons, corporations, and other legal entities in the United States (excluding defendants, their subsidiaries, and any co-conspirators), who purchased Packaged Ice directly from one or more of the Defendants (the "Class") in the United States or Canada at any time from at least January 1, 2002 through the present (the "Class Period").

15. The members of the Class are so numerous and geographically dispersed across the country that joinder of all members of the Class would be impracticable. Due to the nature of the claims asserted here, Plaintiff believes that members of the Class are located throughout the United States and Canada. The exact number of Class members is unknown by Plaintiff at this time, but Plaintiff believes that the Class is in the thousands and their identities can only be discovered through inspection of Defendants' and their co-conspirators' records, which are or should be readily available.

16. Plaintiff's claims are typical of the members of the Class because Plaintiff and all members of the Class were damaged by the same wrongful conduct of the Defendants alleged herein. Plaintiff and the Class purchased Packaged Ice at artificially maintained, non-competitive prices established by the actions of Defendants and their unnamed co-conspirators in connection with the wrongful conduct alleged herein.

17. Plaintiff will fairly and adequately protect the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the Class. In addition, Plaintiff is represented by counsel who is experienced and competent in the prosecution of complex class action antitrust litigation.

18. Questions of law and fact common to the members of the Class predominate over questions which may affect only individual members, if any, in that Defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are:

5

(a) Whether Defendants conspired with the purpose and effect of fixing prices, allocating markets and committing other anticompetitive practices designed to unlawfully fix, raise, maintain, and/or stabilize prices of Packaged Ice;

(b) Whether Defendants' conduct violated Section 1 of the Sherman Act;

(c) The existence, duration, and illegality of the contract, combination or conspiracy alleged herein;

(d) The effect upon and the extent of injuries sustained by Plaintiff and members of the Class and the appropriate type and/or measure of damages;

(e) Whether Defendants took affirmative steps to conceal the contract, combination or conspiracy alleged herein; and

(f) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

19. Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by certain class members, who could not afford to individually litigate an antitrust claim against large corporate defendants.

20. Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## INTERSTATE TRADE AND COMMERCE

21.   The Defendants are leading manufacturers of Packaged Ice in the United States and Canada.

22.   The restraints hereinafter alleged have directly and substantially affected interstate commerce in that the Defendants have deprived Plaintiff and the Class of the benefits of free and open competition in the Packaged Ice market throughout the United States and Canada.

## ANTICOMPETITIVE CONDUCT

23.   Defendants are the largest manufacturers of Packaged Ice in the United States and North America. Sales of Packaged Ice are approximately $1.8 billion annually. About half of those sales are produced by third-party manufacturers, with the other half produced in-house (ice machines). Sales by Defendants comprise approximately 70% of third-party manufacturers' sales of Packaged Ice.

24.   Canada is a major exporter of ice into the United States.

25.   Beginning at least as early as January 1, 2002, the exact date being unknown to Plaintiff, and continuing thereafter to present day, Defendants and their co-conspirators engaged in an unlawful contract, combination or conspiracy with the purpose and effect of fixing prices, allocating markets and committing other anticompetitive practices designed to unlawfully fix, raise, maintain, and/or stabilize prices of Packaged Ice in a *per se* violation or unreasonable restraint of trade in violation of Section 1 of the Sherman Act.

26.   The Packaged Ice industry has high barriers to entry. The industry has high start-up and replacement costs, and many customers carry only one brand of ice and have long term

7

relationships of ten or more years with the manufacturer from whom they purchase Packaged Ice products.

27. During the Class Period, Defendants engaged in illegal, anticompetitive conduct by, *inter alia*, allocating markets so that Defendants were no longer in competition with each other.

28. This resulted in the following market division: (1) Reddy Ice has the dominant market position in the U.S. sunbelt states, from Florida to Arizona, and the Northwest (AZ, NM, TX, OK, AR, LA, MI, AL, GA, FL, SC, NC, VA, CO, DE, DC, HI, ID, KA, KY, MD, MS, NV, NJ, OR, PA, TN, UT, WA, WV and WY); (2) Arctic has a dominant market position in the Central and Northeastern states and California (CA, ND, SD, CA, NE, KS, MO, IA, MN, WI, MI, PA, DE, NJ, NY, CT, VT, NH and ME); and (3) Home City Ice has a dominant market position in the Midwest (IL, OH and IN). There is virtually no overlap between the geographic markets in which each Defendant operates. *See* Exhibit A.

29. Defendants agreed not to compete head to head in any of the markets in which one of them was dominant. Each region of the U.S. market, as hereinbefore alleged, is controlled by one particular Packaged Ice manufacturer.

30. By engaging in conduct that allocated the market among the Defendants, price competition was reduced or eliminated throughout the United States and Canada.

31. The Packaged Ice industry is highly seasonal, characterized by peak demand during the warmer months of May through September. Approximately 69 percent of annual revenues occur during this time.

32. Demand for Packaged Ice within specific geographic areas is affected by weather conditions. There is an extended peak selling season in the southern United States, where

temperatures remain warm beyond September. Revenues typically increase during particularly hot summers. Cool and/or rainy seasons, however, negatively impact ice purchases.

33. According to Gina Talamona, a spokesperson for the Antitrust Division of the United States Department of Justice ("DOJ"), the DOJ is investigating possible anti-competitive practices in the Packaged Ice business.

34. The DOJ investigation follows a complaint made to Canada's Competition Bureau ("Bureau") by Jerry Antoniuk, owner of Polar Ice, an Edmonton, Canada Packaged Ice manufacturer. Antoniuk complained to the Bureau and brought a civil antitrust suit against Arctic Glacier alleging that Arctic Glacier engaged in strong-arm tactics in the Edmonton geographic area, including "muscling," bribing, and offering kickbacks to Polar Ice's customers. Justice Richard Marceau of Court of Queen's Bench of Alberta awarded Polar Ice $50,000 in damages, a decision which Arctic Glacier said it would appeal.

35. On or about March 6, 2008, Arctic Glacier issued the following press release:

> Arctic Glacier Income Fund (TSX:AG.UN) today announced that on March 5, 2008, its operating subsidiary, Arctic Glacier Inc., became aware the Antitrust Division of the United States Department of Justice is conducting an investigation into possible antitrust issues in the Packaged Ice industry. The company will cooperate with authorities in the course of the investigation.

36. Just prior to this news, Arctic Glacier had reported a fourth-quarter loss of $3.7 million on revenue of $36.3 million. In the same quarter of the previous year, the fund lost $6.2 million, or 19 cents a unit, on revenue of $39.9 million. They reported that the stronger Canadian dollar reduced reported sales by $4.5 million during the quarter.

37. Also on or about March 6, 2008, Reddy Ice issued the following press release:

> Reddy Ice Holdings, Inc. (NYSE: FRZ) announced that federal officials executed a search warrant at the Company's corporate office in Dallas on March 5, 2008. The Company is cooperating

9

with the authorities.

> The Company's priority mission is to provide superior service to its customers, and it will continue to function in a normal business manner.

38. On or about March 7, 2008, Reddy Ice issued the following additional press release:

> Reddy Ice Holdings, Inc. (NYSE: FRZ) is providing further information to supplement the press release issued on March 6, 2008 regarding the execution of a search warrant at the Company's Dallas corporate office on March 5, 2008. The execution of the search warrant was directed by the Antitrust Division of the United States Department of Justice in connection with an investigation of the packaged ice industry. The Company's board of directors has formed a special committee of independent directors to conduct an internal investigation.
>
> The Company will continue to serve its customers in its normal business manner.

39. Reddy Ice spokeswoman Courtney Birck said that the DOJ took "various documents and information," but she would not say whether computers were taken.

40. Between December 1, 2007 and January 3, 2008, both the Chief Operating Officer and Chief Executive Officer of Reddy Ice resigned, just prior to the time the DOJ executed its search warrants.

### ALLEGATIONS OF ANTITRUST INJURY
### TO PLAINTIFF AND THE CLASS

41. The aforesaid combination and conspiracy has had the following effects, among others:

    (a) price competition for Packaged Ice has been suppressed, restrained and eliminated;

(b)    the price of Packaged Ice has been raised, fixed, maintained and stabilized at artificial and non-competitive levels; and

(c)    customers of Packaged Ice were deprived of free and open competition in the Packaged Ice market.

42.    During the period covered, Defendants charged Plaintiff and the Class anticompetitive prices for Packaged Ice. By reason of the alleged violations of the antitrust laws, Plaintiff and the Class have sustained injury to their business or property, having paid higher prices for Packaged Ice than they would have paid in the absence of the illegal contract, combination or conspiracy, and, as a result, have been injured in their business and have suffered damages in an amount presently undetermined. This is an antitrust injury of the type that the antitrust laws were meant to punish and prevent.

43.    The specific amounts of damages have not yet been determined because such determination will require discovery. When these amounts have been determined, Plaintiff will seek leave of Court to amend this Complaint to include such amounts.

## FRAUDULENT CONCEALMENT

44.    The running of any statute of limitations has been suspended with respect to any claims which the Plaintiff and the other members of the Class have sustained as a result of the unlawful combination and conspiracy alleged herein and with respect to their rights to injunctive relief by virtue of the federal doctrine of fraudulent concealment. Defendants through various devices and techniques of secrecy affirmatively and fraudulently concealed the existence of the unlawful combination and conspiracy alleged herein.

## COUNT I

## VIOLATION OF SECTION 1 OF THE SHERMAN ANTITRUST ACT

45. Plaintiff incorporates by reference the allegations above and adopts same as though fully set forth herein.

46. Defendants and un-named conspirators entered into and engaged in a contract, combination, or conspiracy in an unreasonable restraint of trade in violation of the Section 1 of the Sherman Act.

47. As a result of the contract, combination or conspiracy among Defendants and their co-conspirators alleged herein, prices charged for Packaged Ice were fixed, maintained, and standardized in the United States. The alleged contract, combination, or conspiracy is a *per se* violation of federal antitrust laws and is at a minimum an unreasonable and unlawful restraint of trade.

48. The contract, combination or conspiracy has had the following effects:

    (a) prices charged to Plaintiff and the Class for Packaged Ice were fixed or stabilized at non-competitive levels;

    (b) Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Packaged Ice; and

    (c) competition in establishing the prices paid and locations of doing business has been unlawfully restrained, suppressed and eliminated.

49. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have sustained damage by paying supra-competitive prices that they would not have had to incur but for the unlawful conduct of Defendants as alleged herein.

## COUNT II

## FOR RESTITUTION, DISGORGEMENT AND CONSTRUCTIVE TRUST FOR UNJUST ENRICHMENT BY DEFENDANTS

50. Plaintiff repeats and re-alleges the preceding and subsequent paragraphs as though set forth herein.

51. As a result of their unlawful conduct described above, Defendants have been and will continue to be unjustly enriched. Defendants have been unjustly enriched, to the detriment of Plaintiff and the Class by the receipt of, at a minimum, unlawfully inflated prices and illegal profits for Packaged Ice. Defendants have benefited from their unlawful acts and it would be inequitable for Defendants to be permitted to retain any of their ill-gotten gains.

51. Plaintiff and the Class are entitled to the amount of Defendants' ill-gotten gains resulting from Defendants' unlawful, unjust and inequitable conduct. Plaintiff and the Class are entitled to the establishment of a constructive trust consisting of all ill-gotten gains from which Plaintiff and the Class may make claims on a *pro rata* basis.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a) The Court determines that this action may be maintained as a class action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule 23(c)(2), Federal Rules of Civil Procedure, be given each and every member of the Class;

(b) The unlawful combination and conspiracy alleged herein be adjudged and decreed to be in unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act;

(c) Plaintiff and the Class recover compensatory damages, as provided by law, determined to have been sustained by each of them, and that joint and several judgments in favor of Plaintiff and the Class, respectively, be entered against the defendants, in an amount to be trebled in accordance with antitrust laws, and each of them;

(d) Defendants be enjoined from continuing the unlawful contract, combination or conspiracy alleged herein;

(e) Plaintiff and the Class recover their costs of this suit, including reasonable attorneys' fees, expert fees, and accountant's fees, as provided by law; and

(f) Plaintiff and the Class be granted such other, further and different relief as the nature of the case may require or as may seem just and proper to this Court.

Dated: March 19, 2008

Respectfully submitted,

*[signature]*

J. Douglas Peters (25686)
Ann K. Mandt (46314)
CHARFOOS & CHRISTENSEN, P.C.
5510 Woodward Avenue
Detroit, MI 48202
Telephone: (313) 875-8080
Fax: (313) 875-8522

Peter Burke
BURKE HARVEY & FRANKOWSKI, LLC
One Highland Place
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone: (205) 930-9091
Fax: (205) 930-9054

*Attorneys for Plaintiff*

# CIVIL COVER SHEET

%JS 44 (Rev. 12/07)

County in which action arose **WAYNE**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Silver Springs Liquor, Inc.

## DEFENDANTS
Reddy Ice Holdings, Inc., et al

**(b)** County of Residence of First Listed Plaintiff: Milwaukee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charfoos & Christensen, P.C.
5510 Woodward Ave
Detroit, MI 48202
(313) 875-8080

Attorneys (If Known)
Burke, Harvey & Frankowski
One Highland Place
2151 Highland Ave, #120
Birmingham, AL 35205/(205)930-9091

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

Case: 2:08-cv-11200
Judge: Tarnow, Arthur J
Referral MJ: Pepe, Steven D
Filed: 03-19-2008 At 04:03 PM
CMP SILVER SPRING LIQUOR, INC V REDDY ICE HOLDINGS, ET AL (TAM)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☒ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

410

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Section 15 and 26

Brief description of cause: Defendants have allocated markets, fixed prices and erected barriers to entry of market for packaged ice

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 360,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/19/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :